THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br>JULIO CESAR RAMIREZ-MENESES,<br><br>                Defendant. | CASE NO. CR20-0137-JCC-3<br><br>ORDER |

       This matter comes before the Court on Defendant's motion to reduce his sentence pursuant to Amendment 821 of the United States Sentencing Guidelines ("USSG") and 18 U.S.C. § 3582(c)(2) (Dkt. No. 493). Having considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

       Defendant was sentenced on October 12, 2021, after pleading guilty to conspiracy to distribute methamphetamine, heroin, and fentanyl. (*See* Dkt. Nos. 203, 246.) At sentencing, the Court calculated Defendant's total offense level to be 33, with a criminal history Category I. (Dkt. No. 237 at 9.) This resulted in a sentencing guidelines range of 135 to 168 months. (*Id.* at 12.) The Court then imposed a custodial sentence of 78 months. (Dkt. No. 246 at 2.)

       Defendant now asks for a reduction pursuant to Amendment 821 to the USSG. (Dkt. No. 493.) This is based on Part B, Subpart 1 of the amendment, which provides a two-level reduction in the offense level for certain "zero-point offenders"—that is, defendants with no criminal

history whose offenses meet the guideline's criteria. *See* USSG § 4C1.1(a).

To qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce the defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009). However, USSG § 1B1.10(b)(2) provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range," unless the defendant received a sentence reduction based on substantial assistance to the United States.

Here, under the retroactively applicable amendment codified in USSG § 4C1.1, Defendant's total offense level would be lowered two levels to 31, resulting in an amended sentencing guideline range of 108 to 135 months. U.S. Sentencing Guidelines Manual, Sentencing Table (U.S. Sentencing Comm'n 2023). But because the sentence already imposed (78 months) is well below the low end of this amended range, the policy statement precludes any reduction in Defendant's sentence. *See* USSG § 1B1.10(b)(2). Furthermore, the record does not show, and Defendant has not established, that the "substantial assistance" exception of USSG § 1B1.10(b)(2)(B) applies. This Court therefore lacks the authority to reduce Defendant's sentence. *See Wesson*, 583 F.3d at 730.

For the foregoing reasons, Defendant's motion for a reduction of his sentence (Dkt. No. 493) is DENIED.

//

//

//

DATED this 27th day of March 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE